*WAMACK* vs. *KEMP.*

Eastern Dist.
*Feb'ary*,1828.

APPEAL from the court of the eighth district.

MARTIN, J. delivered the opinion of the court. The petition in this case contains two distinct counts.

No action will lie for a charge of perjury made in the course of judicial proceedings.

|6NS 477|
|116 439|

The first states, that the defendant falsely and maliciously charged the plaintiff, in a voluntary affidavit, with the crime of perjury, and at different times and places, told, in the hearing of many persons, that the plaintiff had been guilty of perjury—whereby he was injured in his good fame, and claims damages.

The second count states, that in consequence of such voluntary affidavit, the plaintiff was imprisoned, committed to, and detained in jail, till the sitting of the court, when no proceedings being had, he was discharged—for which false imprisonment he claims damages.

The defendant demurred to the petition, as the two causes of action could not be cumulated; the demurrer being overruled, he pleaded the general issue.

There was a verdict of judgment against him, and he appealed.

This case displays the sad consequences of a village administration of justice. The plain-

tiff, for reasons which are not stated, made oath before a magistrate, he had never invaded the marital rights of the defendant, who made oath before the same magistrate, he had committed perjury in his affidavit; a warrant was there-upon issued, and the defendant having, in the opinion of the magistrate, administered such evidence as established a probable ground, the plaintiff was committed to jail, in the words of the mittimus, "as the power to bail is not within the jurisdiction of a justice of the peace."

German deposed, that the plaintiff and the defendant's wife, left the house of the defendant, for the alleged purpose of looking for an animal that had strayed from the pen; they went out in the same direction, and returned together by the same path. In a conversation which ensued, the witness observed they varied in their account of the route they had taken; from which the witness drew the conclusion, equally illogical and uncharitable, that their excursion into the woods had a motive less honorable than the recovery of the stray beast. He added, that on another day he slept at the house of the defendant, who was then absent; after he went to bed, the plaintiff and the defendant's wife set up for some time, romping

and playing together, after which, the plaintiff came to take part of the witness' bed, and a considerable time after, he got up and walked out of the room, and from the noise made and shaking of the bed he concluded the defendant's wife had mistaken the plaintiff for her husband.

John M'Allister deposed, that he was at the house of the defendant, who was then absent, and he saw the plaintiff take hold of the defendant's wife and retire with her, they were together nearly an hour, and from their behaviour he concluded they had not been idle.

Odin deposed he heard the defendant's wife say to him, that if she was with child by the plaintiff, the plaintiff was a white man and not a negro, and she could make him whip the defendant to death.

The defendant now offered Williams as a witness, to prove that the plaintiff admits that he had kept the defendant's wife as a mistress before he made the affidavit on which he was charged with perjury. The witness was rejected, on the ground that there was no plea of justification—and the defendant's counsel took a bill of exceptions.

Eastern Dist.
*Feb'ary*,1828.

WAMACK
*vs.*
KEMP.

The defendant made an unsuccessful attempt to obtain a new trial.

Notwithstanding the verdict of the jury, it appears to us no action can be sustained in this case. The charge of perjury was made in a legal proceeding, with the view of bringing the defendant to justice. It is true the plaintiff did take the oath, by which he was charged with perjury himself in a voluntary affidavit, neither taken nor intended to be used in a legal proceeding; but nothing shews malice in the defendant. The plaintiff suffered in consequence of the ignorance of the magistrate, who ought neither to have arrested or confined him.

We do not think that justice requires a remanding of this case.

It is therefore ordered, adjudged and decreed that the judgment of the district court be annulled, avoided, and reversed; and that there be judgment for the defendant with costs in both courts.

*Preston* for the plaintiff, *Christy* for the defendant.